IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAQUAN KELLAM,       :<br>    Petitioner          :<br>                        :<br>v.                      :<br>                        :<br>WARDEN J. SAGE,         :<br>    Respondent          : | No. 1:21-cv-1988<br><br>(Judge Rambo) |

## MEMORANDUM

Petitioner Laquan Kellam, who is currently incarcerated in the Federal Correctional Institution, Schuylkill (FCI Schuylkill), in Minersville, Pennsylvania, initiated the above-captioned *pro se* action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Kellam alleges that his procedural due process rights were violated due to multiple deficiencies with respect to documents from his disciplinary proceedings. Because Kellam's claims do not implicate any constitutional violations, the Court will deny his Section 2241 petition.

**I.   BACKGROUND**

On August 21, 2020, while incarcerated at Metropolitan Detention Center, Brooklyn, Kellam was charged with a Code 297 violation: Use of the Telephone for Abuses Other Than Criminal Activity. (Doc. No. 1-3.) According to the incident report, prison officials discovered that, from August 1 to August 21, 2020, Kellam had been using another inmate's PIN and PAC number to make phone calls to a female who was determined to be the mother of Kellam's children. (*See id.*)

Advance written notice of the charge (a copy of the incident report) was given to Kellam on August 21, 2020. (*See* Doc. No. 9-1 at 5.) On August 24, 2020, Kellam was advised of his rights in writing. (*See id.*; Doc. No. 1-1.)

One week later, a hearing was held before a discipline hearing officer (DHO). (*See* Doc. No. 9-1 at 5-8.) Kellam waived his right to a staff representative and witnesses and pled not guilty. (*See id.* at 5.) According to the DHO's September 2, 2020 report, Kellam's entire statement for the record was "No PAC number received." (*Id.*) Kellam did not produce any documentary evidence. (*Id.* at 7.) The DHO—relying on a printout of the monitored prison phone records and the written report of the SIS Technician who investigated the calls—found Kellam guilty of the prohibited act. (*Id.*) He sanctioned Kellam to 15 days of disciplinary segregation, disallowance of 27 days of good-conduct time, and 90 days' loss of commissary privileges. (*Id.* at 8.)

Kellam appealed to the Regional Director, who denied the appeal on August 6, 2021. (*See* Doc. No. 1-2 at 11.) Kellam's appeal to final review with the General Counsel was likewise denied. (*See id.* at 16.) Notably, General Counsel observed that, although Kellam complained that there was a substantial delay in receiving a copy of the DHO's report, Kellam was "able to exercise [his] appeal rights" and was not otherwise "adversely affected." (*Id.*)

2

Kellam filed the instant Section 2241 petition shortly after exhausting his administrative remedies. (*See generally* Doc. No. 1.) He claims that his due process rights were violated throughout the disciplinary proceedings due to various defects with the disciplinary documents and the timing of receipt of the DHO's report.[1] His petition is fully briefed and ripe for disposition.

## II. DISCUSSION

Inmates retain certain procedural due process rights in prison disciplinary proceedings, although these rights "may be curtailed by the demands and realities of the prison environment." *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974)). *Wolff v. McDonnell* enumerates those protections and requires, at minimum, (1) the right to appear before an impartial decision-making body; (2) written notice of the charge(s) at least 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence (so long as the presentation of such evidence is not "unduly hazardous to institutional safety or correctional goals"); (4) if the inmate is

---

[1] In his petition, Kellam cursorily cites to a separate incident report—number 3495801—but fails to discuss or develop any claim regarding this disciplinary charge. (*See* Doc. No. 1 at 2.) According to BOP records, incident number 3495801 involved Kellam being written up at FCI Schuylkill on April 20, 2021, for not wearing a mask or having his identification available when out of his cell. (*See* Doc. No. 9-1 at 24-26.) The Court will not address this incident for three reasons. First, Kellam does not plead or develop any claim with respect to this disciplinary charge. Second, Kellam was sanctioned with fifteen days' loss of email privileges, which sanction does not implicate the Due Process Clause of the Fifth Amendment such that this Court would have jurisdiction to consider the issue in a Section 2241 petition. Finally, it does not appear that Kellam administratively exhausted any claim with respect to this incident.

illiterate or complex issues are involved, assistance from another inmate or a staff member; and (5) a written decision by the factfinder setting forth the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-70 (citations omitted).

Kellam claims that his due process rights were violated because (1) the original August 21, 2020 incident report was not filled out completely; (2) there was a six-month delay in receiving the DHO report; and (3) the DHO did not sign the report. (*See* Doc. No. 1 at 6.) None of these alleged deficiencies implicate a due process concern, and thus they cannot constitute the basis for habeas corpus relief.

As to the incident report, Kellam submitted a copy of the report that is missing the incident report number and information from boxes 14, 15, and 16 (concerning delivery confirmation of the report to the inmate). (*See* Doc. No. 1-3.) However, the report still contained timely notice of the charge and the underlying facts, as well as the name of the reporting employee and the date and time the report was made. (*See id.*) Moreover, the missing information appears to have been properly entered on August 24, 2020, when Kellam appeared before the Unit Disciplinary Committee, which reviewed the charge and referred it to the DHO for a hearing. (*See* Doc. No. 9-1 at 10.) None of the defects in the incident report identified by Kellam had any bearing on any aspect of his due process rights, and thus they do not implicate a constitutional violation.

As for the alleged defects with the DHO's report, the outcome is the same. Even if Kellam did not receive the DHO's report in a timely fashion,[2] he was still able to appeal that decision to final review with the General Counsel. Kellam has not proffered any reasoning, law, or evidence establishing that his due process rights were infringed by a delay in receiving a copy of the DHO's report or by the report not containing the DHO's signature.[3]

In sum, Kellam received the process that was due in his prison disciplinary proceedings. The defects he complains of did not affect any aspect of his due process rights, and therefore the Court must deny his Section 2241 petition.

### III. CONCLUSION

Based on the foregoing, the Court will deny Kellam's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: July 25, 2022

---

[2] Kellam asserts that he did not receive the report until February 9, 2021, approximately 6 months after his hearing. (*See* Doc. No. 1 at 3, 6.)

[3] Respondent provided an affidavit from the DHO who held the hearing, attesting that he finalized and signed the report on September 2, 2020. (*See* Doc. No. 9-2 at 2.) This signature and the date appear on the final version of the report submitted by Respondent. (*See* Doc. No. 9-1 at 8.)